UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DAVID RICE, Petitioner | CIVIL DOCKET NO. 1:19-CV-1026-P |
| VERSUS | JUDGE DRELL |
| USA, *ET AL.*, Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

**MEMORANDUM ORDER**

Before the Court is an untitled letter/motion (ECF No. 16) filed by *pro se* Petitioner David Rice ("Rice") (#50259-177). Rice is an inmate in the custody of the Federal Bureau of Prisons ("BOP") incarcerated at the Federal Correctional Institution in Pollock, Louisiana ("FCI-Pollock"). Because Rice requests expedited consideration of his habeas Petition (ECF No. 1), the Court construes Rice's letter as a Motion to Expedite.

Rice has not established that he is entitled to expedited consideration of his Petition (ECF No. 1), so his Motion (ECF No. 16) is DENIED.

I. **Background**

Rice filed a § 2241 Petition challenging his conviction under 28 U.S.C. § 924(c)(1)(A)(iii). ECF No. 1. Respondents filed a Motion to Dismiss, which is pending. ECF No. 12.

Rice recently filed a one-paragraph letter, seeking immediate consideration of his § 2241 Petition based on the outbreak of COVID-19. ECF No. 16. Rice argues

that if the Court simply "signs off" on his § 2241 Petition, he will be immediately released. *Id.*

## II. Law and Analysis

The United States Court of Appeals for the Fifth Circuit has stated that "COVID-19 poses risks of harm to all Americans." *Valentine v. Collier*, No. 20-20207, 2020 WL 1934431, at *5 (5th Cir. Apr. 22, 2020). At present, COVID-19 remains medically "incurable" in the sense that "[t]here are no drugs or other therapeutics . . . approved by the . . . [(FDA)] to prevent or treat COVID-19."[1] COVID-19 appears to be highly infectious and transmissible, particularly where people are in close physical proximity with one another.[2]

Significantly, "older adults [age 65 and older] and people of any age who have serious underlying medical conditions might be at higher risk for severe illness from COVID-19."[3] Underlying medical conditions may include: (1) chronic lung disease; (2) moderate to severe asthma; (3) serious heart conditions; (4) immunocompromising conditions, including cancer treatment, smoking, bone marrow or organ transplantation, immune deficiencies, poorly controlled HIV or AIDS, and prolonged

---

[1] *See CDC Information for Clinicians on Investigational Therapeutics for Patients with COVID-19*, https://www.cdc.gov/coronavirus/2019-ncov/hcp/therapeutic-options.html (last visited June 1, 2020).

[2] *See How COVID-19 Spreads*, available at https://www.cdc.gov/coronavirus/2019-ncov/faq.html#Coronavirus-Disease-2019-Basics (last visited June 1, 2020).

[3] *People Who Are at Higher Risk for Severe Illness*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited June 1, 2020).

use of corticosteroids and other immune weakening medications; (5) severe obesity; (6) diabetes; (7) chronic kidney disease undergoing dialysis; and (8) liver disease.[4]

Rice does not allege there are any cases of COVID-19 at FCI-Pollock, and the BOP has reported no cases at that facility.[5] The Court recognizes the risk to all prisoners posed by COVID-19.

But a petitioner's claims must be distinct in some respect. *See Martinez Franco v. Jennings*, No. 20-CV-02474-CRB, 2020 WL 1976423, at *3 (N.D. Cal. Apr. 24, 2020) ("Franco does not identify, and the Court has not seen, a case finding that increased likelihood of contracting the virus rendered unconstitutional the detention of a person without underlying medical conditions or some other vulnerability."). The Fifth Circuit has explained that "[t]he 'incidence of diseases or infections, standing alone,' do not 'imply unconstitutional confinement conditions, since any densely populated residence may be subject to outbreaks.'" *Valentine v. Collier*, No. 20-20207, 2020 WL 1934431, at *3 (5th Cir. Apr. 22, 2020) (quoting *Shepherd v. Dallas Cty.*, 591 F.3d 445, 454 (5th Cir. 2009)). This Court has already concluded the same: "[P]risoners are not entitled to release or transfer based solely on generalized COVID-19 fears and speculation." *Riggs v. Louisiana*, No. CV 3:20- 0495, 2020 WL 1939168, at *2 (W.D. La. Apr. 22, 2020).[6] Otherwise, the claims of any prisoner or detainee

---

[4] *See id.*

[5] https://www.bop.gov/coronavirus/ (last visited June 1, 2020).

[6] And so have many others. *See, e.g., United States v. Clark*, No. CR 17-85-SDD-RLB, 2020 WL 1557397, at *4 (M.D. La. Apr. 1, 2020) ("Defendant cites no authority for the proposition that the fear of contracting a communicable disease warrants a sentence modification."); *Saillant v. Hoover, et al.*, No. 1:20-CV-00609, 2020 WL 1891854, at *5 (M.D. Pa. Apr. 16,

3

would be equally meritorious – or equally meritless – notwithstanding their individual situations. That result would be untenable.

Courts have created non-exhaustive lists of factors that may be considered in determining whether to grant habeas relief based on COVID-19 concerns. *See Saillant*, 2020 WL 1891854, at *4; *Vazquez Barrera*, 2020 WL 1904497, at *6. And this Court recently compiled a number of factors in determining whether to grant habeas release to ICE detainees. *See Dada, et al. v. Witte, et al.,* 1:20-CV-458, ECF No. 17 at 22-23. Specifically, the Court considered:

(1) whether the petitioner has been diagnosed with COVID-19 or is experiencing symptoms consistent with the disease;

(2) whether the petitioner is among the group of individuals that is at higher risk of contracting COVID-19 as identified by the CDC, due to the petitioner's age or an underlying health condition;

(3) whether the petitioner has been, or has likely been, directly exposed to COVID-19;

(4) the physical space in which the petitioner is detained, and how that physical space affects his risk of contracting COVID-19;

(5) the efforts that detention facility officials have made to prevent or mitigate the spread of, or harm caused by, COVID-19;

(6) any danger to the community, or to the petitioner's immigration proceedings, that may be posed by the petitioner's release; and

(7) any other relevant factors.

*See id.*

---

2020) (denying habeas relief in part because the petitioner sought habeas corpus relief merely because he was "detained and subjected to a generalized risk of contracting COVID-19").

Although these factors were compiled to determine whether a detainee should be released due to COVID-19 concerns, some of the factors are relevant to—and should serve as guidance in—determining whether to give one petitioner's habeas claims speedier consideration than another's.

Rice has not been diagnosed with COVID-19 and has not reported any symptoms of the virus. Rice has not alleged that his risk of contracting COVID-19—or his risk of suffering complications from COVID-19, if contracted—is greater than any other prisoner at FCI-Pollock or at any other federal detention center. Rice merely claims that all prisoners face some risk.

Because Rice alleges no underlying health conditions that place him at a higher risk than any other federal petitioner for contracting or suffering complications from COVID-19, there is no basis to expedite consideration of Rice's § 2241 Petition.

### III. Conclusion

Because Rice does not identify a particular vulnerability that puts him at greater risk than any other habeas petitioner, IT IS HEREBY ORDERED that the Motion to Expedite (ECF No. 16) consideration of the § 2241 Petition is DENIED.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 2nd day of June 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE