c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DAVID RICE, Petitioner | CIVIL DOCKET NO. 1:19-CV-01026 |
| VERSUS | JUDGE DRELL |
| USA, *ET AL.*, Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Rule 12(b)(1) Motion to Dismiss for Lack of Jurisdiction ("Motion to Dismiss") (ECF No. 12) filed by Respondents the United States of America (the "Government") and Chris McConnell ("McConnell") (collectively, "Respondents"). *Pro se* Petitioner David Rice ("Rice") (#50259-177) did not file an opposition.[1]

Because Rice has not demonstrated he is entitled to proceed under the savings clause of 28 U.S.C. § 2255, Respondents' Motion to Dismiss (ECF No. 12) should be GRANTED, and Rice's § 2241 Petition (ECF No. 1) should be DISMISSED for lack of jurisdiction.

I. Background

Rice is an inmate in the custody of the Federal Bureau of Prisons ("BOP") incarcerated at the Federal Correctional Institute in Pollock, Louisiana. Rice pleaded guilty in the United States District Court for the Northern District of Texas to conspiracy to interfere with commerce by robbery under 18 U.S.C. § 1951(a) (Count

---

[1] Rice filed two letters (ECF Nos. 15, 17) reiterating his request for release. He did not address the jurisdictional issues raised in Respondents' Motion to Dismiss (ECF No. 12).

1) and to aiding and abetting the use of, carrying, and brandishing a firearm in furtherance of a crime of violation in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and Sec. 2. *United States v. Rice*, No. 3:15-CR-383 – B(01), 2018 WL 3997882 (N.D. Tex.). He was sentenced to 71 months of imprisonment as to Count 1 and 84 months of imprisonment as to Count 2, to run consecutively. *Id.* Rice did not appeal his conviction or sentence, or file a motion to vacate under 28 U.S.C. § 2255, in the district court. ECF No. 1 at 3.

Rice filed this § 2241 Petition (ECF No. 1) challenging his conviction under 28 U.S.C. § 924(c)(1)(A)(ii). ECF No. 1. Rice claims that, under *United States v. Davis*, 139 S.Ct. 2319 (2019), his § 924(c) conviction is unlawful. ECF No. 1-2 at 4-8.

Respondents seek to dismiss Rice's § 2241 Petition for lack of jurisdiction. ECF No. 12.

## II. Law and Analysis

A federal prisoner may challenge his sentence under either 28 U.S.C. §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

A § 2255 motion is the primary means of collaterally attacking a federal conviction or sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (*per curiam*) (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (*per curiam*)). Claims cognizable under § 2255 include allegations that "judgment was rendered without jurisdiction, . . . that the sentence imposed was not authorized by law . . . or that there has been such a denial or infringement of the constitutional rights of the

prisoner as to render the judgment vulnerable." 28 U.S.C. § 2255(b). A petition under § 2255 must be filed in the sentencing court. *Pack*, 218 F.3d at 451.

A § 2241 petition is used to challenge the manner in which a federal sentence is being executed. *See Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001) (citing *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000)). However, a federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if the prisoner can satisfy the mandates of the "savings clause" of § 2255(e). *See Wilson v. Roy*, 643 F.3d 433, 434 (5th Cir. 2011) (citing *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000)); *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (citing *Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001)).

The savings clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). But relief under § 2255 is not "inadequate or ineffective" merely because the prisoner has filed a prior unsuccessful § 2255 motion or is unable to meet the requirements for filing a second or successive § 2255 motion. *Tolliver*, 211 F.3d at 878. Rather, the petitioner bears the burden of affirmatively proving the inadequacy of § 2255. *See Jeffers*, 253 F.3d at 830.

Before a petitioner may pursue relief through § 2241 under the language of the savings clause of § 2255(e), the petitioner must demonstrate that: (1) the claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that the petitioner was "actually innocent" of the charges because

the decision decriminalized the conduct for which the petitioner was convicted; and (3) the claim would have been foreclosed by existing circuit precedent had the petitioner raised it at trial, on direct appeal, or in the original § 2255 petition. *See Christopher*, 342 F.3d at 382 (citing *Reyes-Requena*, 243 F.3d at 904; *Jeffers*, 253 F.3d at 830).

Here, Rice claims that he qualifies for application of the savings clause under *Davis*, 139 S.Ct. at 2319, which held that the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutional. In *United States v. Reece*, 938 F.3d 630 (5th Cir. 2019), the Fifth Circuit subsequently found that *Davis* is retroactively applicable to cases on collateral review. However, Rice cannot meet the requirements of the savings clause because *Davis* did not decriminalize the conduct for which Rice was convicted.

Rice was convicted and sentenced under § 924(c)(1)(A), not the § 924(c)(3)(B) unconstitutional provision. Therefore, *Davis* has no bearing upon Rice's conviction and sentence. *See United States v. Ellis*, 15-CR-124, 2019 WL 4673178, at *1 (E.D. La. Sept. 25, 2019). *Davis* has no application if the predicate crime was a crime of violence as defined by the elements clause, or if the predicate crime was a drug trafficking crime. *See United States v. Ratcliff*, 12-CR-51, 2020 WL 3429893, at *2 (E.D. La. June 23, 2020).

Rice's § 924(c)(1)(A) conviction is predicated upon a substantive Hobbs Act robbery, which is, categorically, a crime of violence. *See United States v. Bowens*, 907 F.3d 347, 353-54 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 1299 (2019) ("[B]inding

4

circuit precedent forecloses [defendant's] claim that Hobbs Act robbery is not a [crime of violence] predicate under 18 U.S.C. § 924(c)(3)(A) . . . ."). Additionally, aiding and abetting a Hobbs Act robbery qualifies as a crime of violence under the force clause of § 924(c) rather than the unconstitutional residual clause. *See In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016); *United States v. Grissom*, 760 F. App'x 448, 454 (7th Cir. 2019) (holding that, because aiding and abetting is an alternative theory of liability for an offense, one who aided and abetted a Hobbs Act robbery still committed a predicate crime of violence under § 924(c)); *United States v. McKelvey*, 773 F. App'x 74, 75 (3d Cir. 2019) (same).

Therefore, although *Davis* announced a new rule of constitutional law that generally applies retroactively on collateral review, *Davis* does not apply to Rice's conviction and sentence under § 1951(a) and § 924(c)(1)(A). Absent the savings clause, the Court is without jurisdiction to consider Rice's § 2241 Petition (ECF No. 1) attacking his underlying conviction and sentence. *See e.g., Carter v. Blackmon*, 732 Fed.Appx. 268, 270 (5th Cir. 2018) (per curiam).

III. Conclusion

Because Rice cannot meet the requirements of the savings clause,

IT IS RECOMMENDED that Respondents' Motion to Dismiss (ECF No. 12) be GRANTED, and that Rice's § 2241 Petition (ECF No. 1) be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Rice's claim.[2]

---

[2] *See Pack*, 218 F.3d at 454 ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only,

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court.  The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

SIGNED on Thursday, October 8, 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

---

and dismissed *without prejudice* regarding all other issues."); *Reed v. Young*, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).